IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LYNDA MCGRAW, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO._____ |
| LIFE INSURANCE COMPANY ) | |
| OF NORTH AMERICA, ) | |
| ) | |
| Defendant, ) | |

## COMPLAINT

**COMES NOW**, the Plaintiff Lynda McGraw, and in support of her Complaint says the following:

1. The Plaintiff, Lynda McGraw, is a resident of St. Claire County, Alabama. She worked in frame assembly as a Process Associate at the Honda plant in Lincoln, Alabama at all times material to the complaint. Her employer's legal name was Honda Manufacturing of Alabama, LLC (hereafter "Honda").

2. Honda offered long term disability benefits to its employees. While employed with Honda the Plaintiff was covered by a long term disability policy (hereafter the "policy") insured by the Life Insurance Company of North America

(hereafter "LINA") which does business by agent or otherwise in St. Clair County, Alabama and may be "found" for purposes of venue in that county.

3. On or about May of 2009 the Plaintiff underwent knee replacement surgery due to the declining use of her knee. The Plaintiff was restricted from work at Honda and received short term disability benefits. She was found by LINA to be disabled under the short term disability plan.

4. Thereafter when the Plaintiff had received the maximum term of short term disability benefits, LINA approved her to receive long term disability benefits and paid such benefits to the Plaintiff.

5. The Plaintiff also filed for the Social Security disability benefits as the LINA policy required her to do so by its express terms. The Plaintiff applied for and received such benefits being found by the Social Security Administration to be disabled from performing any gainful occupation with reasonable continuity.

6. During March, April and May of 2011, LINA sought to obtain medical records from one of the Plaintiff's treating physicians. The Plaintiff was advised in a letter dated May 16, 2011 that if the records were not provided to LINA by June

8, 2011 her claim would be terminated.

7. The claimant contacted her doctor and learned he was unexpectedly out of the country. The Plaintiff then called LINA by telephone and advised that her doctor had to leave the country unexpectedly and would not be returning until July 8, 2011, so therefore, the deadline could not be met.

8. In response to the Plaintiff's call LINA advised the Plaintiff to go by the doctor's office herself and obtain copies of her records from mid March 2010 and until April 2011 and forward them to the case manager.

9. In response to the direction of LINA employees the Plaintiff went to her doctor's office, but the doctor's office staff refused to provide the Plaintiff copies of her medical records without the doctor "signing off" on the medical records. The Plaintiff contacted LINA and advised that she could not produce the records by June 8, 2011.

10. Thereafter, when the records were not received by June 8, 2011 and despite the predicament the Plaintiff was in regarding providing the medical records, LINA closed the Plaintiff's long term disability claim on June 16, 2011.

LINA did not send a letter to the Plaintiff outlining any reasons why the claim was closed. The Plaintiff was not advised of her appeal rights, nor of the right to a copy of the claim file. LINA's actions constitute a failure to conduct a full and fair review and such action is in violation of the claim procedure regulation at 29 C.F.R. §2560.503-1.

11. The Plaintiff sent to LINA a hand written letter in August of 2011 indicating she disagreed with the ruling on her disability benefits and further advised that her treating doctor was out of the country and that he was the primary doctor. She further advised that she was now switching doctors and provided the new address. The Plaintiff only knew of this issue on the medical records, and believed LINA would now have access to her medical from her new doctor.

12. LINA took no action to obtain records from the Plaintiff's new doctor; rather, it simply ignored the Plaintiff's letter. As well, LINA did not reinstate the claim nor did it communicate in a letter or otherwise to the Plaintiff's matters required for a full and fair review of her claim.

13. Such adverse and unfair conduct is part of a regular pattern and practice of

actions taken by LINA. LINA has been prosecuted for such similar unfair actions in various states. LINA has since promised to inject more fairness into its claim process by entering into a regulatory settlement agreement on March 14, 2013. LINA has not adhered to these promises in this case.

14. The Plaintiff never heard further from LINA regarding the Plaintiff's appeal or request for reversal. To this date, she has not been provided information regarding her right to a copy of the claim file nor her right to submit an appeal of LINA's decision within a certain time frame. LINA also failed to advise her of the information required in support of her appeal.

15. Thereafter, Counsel representing the Plaintiff in 2013 and by a letter dated May 8, 2013 requested that LINA clarify its limitation of action provision which in the policy provides that it commences three years from the date proof of loss was required to be furnished. The policy does not fit the current fact pattern and is confusing and ambiguous and so LINA's clarification on this was sought. However, after LINA acknowledged the letter and indicated that it would respond, it never did to this date.

16.  Through Counsel, the Plaintiff also sought LINA's claim manual so that it could ascertain how LINA was calculating its limitation of action provision and to further understand why LINA neither provided a denial letter to the Plaintiff nor acknowledged or provided a response regarding the Plaintiff's appeal.  LINA ignored the Plaintiff's request for reinstatement of her claim and never provided a response regarding this as well.

17.  The Plaintiff has exhausted all claim remedies know to her.  In the further alternative exhaustion of any claim remedies is futile given LINA's pattern and practice of refusing to comply with the requirements of a full and fair review and further given LINA's practice of ignoring requests for information.  Further exhaustion on this matter is also excused and is not required under the claim procedure regulation given LINA'a failure to conduct a full and fair review.

## **COUNT I**

18.  The Plaintiff incorporates by reference all previous paragraphs of this Complaint.

19. This action seeks to recover benefits, equitable relief, damages, and attorney's fees due to the Plaintiff and this action seeks to enforce the Plaintiff's rights under the Plan in question. The Plan is an employee benefit plan that is regulated by the Employee Retirement Income Security Act (hereafter ERISA), 29 U.S.C. § 1001 et. seq.

20. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132(e).

21. On or about June 16, 2011, the Defendant wrongfully and in violation of obligations under ERISA terminated the Plaintiff's long term disability benefits refusing to reconsider its decision by conducting a full and fair review of the Plaintiff's appeal.

22. The Plaintiff has failed to receive the long term disability insurance benefits due to her.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

(a) For the sum of all past due and wrongfully denied long term disability benefits;

(b) For reinstatement of the right to future long term disability insurance benefits in accordance with the provisions of the policy;

(c) For an award of attorney's fees;

(d) For interest on all past due benefits including disability insurance benefits;

(e) For the sum of all other benefits wrongfully denied or terminated in connection with LINA's termination of the Plaintiff's long term disability claim, and for reinstatement of these benefits;

(f) For such other further, proper and/or different relief as may be just, including an order requiring a review of LINA's claim procedures and the establishment of guidelines to ensure that LINA conducts a full and fair review of claims involving future disability.

*David P. Martin*
David P. Martin
(ASB-3500-M68D)

*Ariel S. Blocker*
Ariel S. Blocker
(ASB-0090-Z82A)

Attorneys for the Plaintiff
Lynda McGraw
The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL  35402
Ph. (205) 343-1771
Fax (205) 343-1781
davidpmartin@erisacase.com

## Request for Service by Certified Mail

The Plaintiff requests service of this Complaint on the Defendant by certified mail, restricted delivery, return receipt requested.

*/s/ David P. Martin*
David P. Martin
(ASB-3500-M68D)

**Plaintiff's Address:**
Lynda McGraw
c/o The Martin Law Group, LLC
P.O. Box 20087
Tuscaloosa, AL 35402

**Defendant's Address:**
Life Insurance Company of North America
c/o CT Corporation System
Agent for Service of Process
2 North Jackson Street
Suite 605
Montgomery, AL 36104-5107